UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HIND SALEH,

                Petitioner,

        v.

WILLIAM P. BARR, et al.,

                Respondents.
_____

**DECISION AND ORDER**

1:18-CV-01347 EAW

AEAD FARHAN,

                Petitioner,

        v.

WILLIAM P. BARR, et al.,

                Respondents.
_____

1:18-CV-01348 EAW

## INTRODUCTION

*Pro se* petitioners Hind Saleh ("Saleh") and Aead Farhan ("Farhan") (collectively "Petitioners") are a wife and husband, each of whom is challenging the denial of their respective applications for naturalization. (Civil Action No. 1:18-cv-01347 (the "Saleh Action"), Dkt. 1; Civil Action No. 1:18-cv-01348 (the "Farhan Action"), Dkt. 1). In each case, Respondents have filed a motion for dismissal. (Saleh Action, Dkt. 33; Farhan Action, Dkt. 27). For the reasons set forth below, the Court grants the motions for dismissal to the extent that the United States Customs and Immigration Services ("USCIS") is

substituted as the sole named Respondent in each action, and Petitioner's claims for review under the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.* (the "APA"), are dismissed.

## BACKGROUND

Petitioners are lawful permanent residents of the United States who reside in Buffalo, New York.  (Saleh Action, Dkt. 1 at ¶ 2; Farhan Action, Dkt. 1 at ¶ 2).  Petitioners are both refugees from Iraq and have resided in the United States since September 1, 2010.  (Saleh Action, Dkt. 1 at ¶ 10; Farhan Action, Dkt. 1 at ¶ 10).

Saleh applied for naturalization in June 2015 and Farhan applied for naturalization in July 2015.  (Saleh Action, Dkt. 1 at ¶ 16; Farhan Action, Dkt. 1 at ¶ 16).  Petitioners' applications for naturalization were denied on January 5, 2018, on the basis that they had provided material support to a Tier I Terrorist Organization and were thus inadmissible to the United States at the time they were granted permanent resident status.  (Saleh Action, Dkt. 1 at ¶ 19; Farhan Action, Dkt. 1 at ¶ 19).  USCIS issued a decision affirming the denial of Petitioners' applications for naturalization on August 1, 2018.  (Saleh Action, Dkt. 1 at ¶ 21; Farhan Action, Dkt. 1 at ¶ 21).

Petitioners, who were then represented by counsel, commenced the instant actions on November 27, 2018.  (Saleh Action, Dkt. 1; Farhan Action, Dkt. 1).  Petitioners seek *de novo* judicial review of the denials of their applications for naturalization pursuant to § 310(c) of the Immigration and Naturalization Act (the "INA") and further seek review under the APA on the basis that the denials were arbitrary and capricious.  (Saleh Action, Dkt. 1 at ¶ 1; Farhan Action, Dkt. 1 at ¶ 1).

Petitioners' counsel requested the Court's permission to withdraw on July 14, 2020. (Saleh Action, Dkt. 30; Farhan Action, Dkt. 24). Counsel's request was granted in the Farhan Action on July 14, 2020 (Farhan Action, Dkt. 25), and in the Saleh Action on August 18, 2020 (Saleh Action, Dkt. 37).

Respondents filed the pending motions to dismiss on August 6, 2020 (Saleh Action, Dkt. 33; Farhan Action, Dkt. 27). Respondents filed amended memoranda of law on August 18, 2020. (Saleh Action, Dkt. 39; Farhan Action, Dkt. 31). On September 16, 2020, the Court entered an Order setting a deadline of October 30, 2020, for Petitioners to file their responses to the motions to dismiss. (Saleh Action, Dkt. 44; Farhan Action, Dkt. 34). Petitioners failed to file any such responses.

## DISCUSSION

### I. Substitution of USCIS as Respondent

Pursuant to 8 U.S.C. § 1421(c), a person whose application for naturalization is denied has the right to file a petition for *de novo* judicial review. Such petition for review "must be brought against USCIS, and service of the petition for review must be made upon DHS and upon the USCIS office where the hearing was held pursuant to 8 CFR 336.2." 8 C.F.R. § 336.9(b). In this case, Petitioners did not name USCIS as a respondent, as required by regulation, but instead named various federal officials.

Respondents contend that dismissal would be an appropriate remedy for failure to name USCIS, but cite no authority for that proposition. (Saleh Action, Dkt. 39 at 3; Farhan Action, Dkt. 31 at 3). However, "in the interests of judicial efficiency and avoiding delay, the government does not object to substitution of USCIS as the named Respondent

provided the Court orders dismissal of the other Respondents and *nunc pro tunc* treatment of filings to date as if references to a Respondent were to USCIS." (Saleh Action, Dkt. 39 at 3; Farhan Action, Dkt. 31 at 3). In light of this concession by the government, the Court finds it appropriate to substitute USCIS as the sole named Respondent and to treat all references to a respondent in the prior filings as references to USCIS. The Court thus need not and does reach the issue of whether dismissal of Petitioners' INA claims would be an appropriate remedy.

## II. Dismissal of APA Claims

Respondents further argue that Petitioners' APA claims must be dismissed, because the APA provides for judicial review only of "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704, and § 1421(c) provides such other adequate remedy. (*See* Saleh Action, Dkt. 39 at 4; Farhan Action, Dkt. 31 at 4). The Court agrees. Petitioners' APA claims seek review of the denial of their naturalization applications, but § 1421(c) provides an adequate avenue to seek precisely the same relief. *See De Dandrade v. United States Dep't of Homeland Sec.*, 367 F. Supp. 3d 174, 187 (S.D.N.Y. 2019) ("[T]here is another 'adequate remedy' through the review process explicitly granted by the INA. All relief that individual plaintiffs seek may be granted under section 1421(c)."), *aff'd sub nom. Moya v. United States Dep't of Homeland Sec.*, 975 F.3d 120 (2d Cir. 2020); *see also Heslop v. Attorney Gen. of U.S.*, 594 F. App'x 580, 584 (11th Cir. 2014) ("The APA provides for judicial review of 'final agency action for which there is no other adequate remedy in a court.' 5 U.S.C. § 704. Here, the INA gives [the petitioner] an adequate remedy: the ability to seek in federal district court *de novo*

review of USCIS's denial of his application for naturalization after he exhausts his administrative remedies. *See* 8 U.S.C. § 1421(c). Indeed, [the petitioner] brought his INA claim under that very provision. The APA does not authorize judicial review that adds to the sweeping *de novo* review that the INA provides." (quotation omitted)); *Miriyeva v. U.S. Citizenship & Immigration Servs.*, 436 F. Supp. 3d 170, 178 n.11 (D.D.C. 2019) ("Courts are unanimous in holding that § 1421(c) is the sole means of seeking judicial review of the actual denial of a naturalization application." (collecting cases)). The Court thus finds that Petitioners' claims under the APA must be dismissed.

## CONCLUSION

For the foregoing reasons, the pending motions to dismiss (Saleh Action, Dkt. 33; Farhan Action, Dkt. 27) are granted to the extent that: (1) Petitioners' APA claims are dismissed; and (2) USCIS is substituted as the sole named Respondent, and all references to a respondent or respondents in all prior filings shall be *nunc pro tunc* deemed references to USCIS. The Clerk of Court is directed to update the captions in these matters to reflect that the United States Citizenship and Immigration Services is the sole Respondent and to terminate all other Respondents as parties to these actions.

SO ORDERED.

                                                          ELIZABETH A. WOLFORD
                                                          United States District Judge

Dated: February 18, 2021
      Rochester, New York